The Connecticut Flour Corporation *v.*
Kelly Bakery, Inc., et al.

Superior Court     Middlesex County     File No. 11393

Memorandum filed December 21, 1954.

*Irving E. Stroh,* of New Haven, for the plaintiff.

*Sudarsky* and *Sudarsky,* of Hartford, and *Richard Parmelee,* of Middletown, for the defendants.

Troland, J.   This is a cause of action brought against Kelly Bakery, Inc., of Middletown and Aaron Shereshefsky, also of Middletown, to recover a balance due for flour furnished by the plaintiff to Kelly Bakery, Inc., prior to July 3, 1952.  Kelly Bakery, Inc., has been duly adjudicated a bankrupt during the pendency of this case.

This action is now pursued against the defendant Shereshefsky, only, in an amended complaint which alleges that although Kelly Bakery, Inc., was incorporated under the laws of Connecticut by certificate of incorporation approved May 6, 1947, by the secretary of state, nevertheless the incorporators failed thereafter to file with the secretary of state a certificate of organization as required by § 5160 of the General Statutes, Rev. 1949, formerly § 3404, Rev. 1930.  The statute above referred to provides in part: "Unless the certificate of organization required by this section shall be filed within two years after the

filing of the certificate of incorporation, such certificate of incorporation shall be void."

Kelly Bakery, Inc., did not in fact file a certificate of organization, and it did not at any time file an annual report setting forth the information required by § 5142 of the General Statutes, Rev. 1949 (as amended, Cum. Sup. 1953, § 1931c), formerly § 3388, Rev. 1930.

Plaintiff contends that Kelly Bakery, Inc., was in fact and in law not a corporation and was in fact and law a partnership in which the defendant Aaron Shereshefsky was a partner, and that he is liable as such for the debts for the recovery of which this action has been brought.

The incorporators of Kelly Bakery, Inc., were guided in the formation of their company by a New York lawyer. The first meeting of the incorporators was held in New York City. Directors were duly elected, by-laws were adopted, and also a corporate seal. Thereafter, the directors met and duly elected officers of the corporation, including a president, secretary and treasurer. Thereafter, at Middletown, the purchase of a bakery known as Hall Equities was arranged, and title to real estate and personal property taken in the name of Kelly Bakery, Inc. The incorporators and stockholders from that day forth held themselves out to the public as Kelly Bakery, Inc. Bank accounts were opened in Middletown in name of Kelly Bakery, Inc. Automobiles were purchased and registered in name of Kelly Bakery, Inc. Employees were hired, appropriate deductions for social security and unemployment compensation were made from their pay, and proper returns made in the corporate name. All bills were paid by checks which bore the name Kelly Bakery, Inc.

The individuals whose money was invested in this enterprise assumed and believed at all times that

they were acting as a corporation, lawfully. At no time during about six years in business did they hold themselves out to the public or to anyone with whom they were dealing as other than a Connecticut corporation, located in Middletown, known as Kelly Bakery, Inc.

It thus appears that the association known as Kelly Bakery, Inc., actually existed for all practical purposes as a corporate body. It was a corporation in fact. It was authorized under our law to incur obligations as a corporation which would not bind those who associated to constitute it, in their individual capacities.

It follows that this plaintiff did not, by reason of the defect in the organization procedure, acquire any rights against the stockholders and members of the corporation, to compel them to pay for the purchases of flour made by Kelly Bakery, Inc., from the plaintiff. *DiFrancesco* v. *Kennedy,* 114 Conn. 681, 688.

Judgment may enter for defendant.